# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS SJOBERG, | Case No. 3:23-CV-00664-MMD-CLB |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Before the Court is Plaintiff Thomas Sjoberg's ("Sjoberg") application to proceed *in forma pauperis* (ECF No. 1), and writ of mandamus (ECF No. 1-1). For the reasons stated below, the Court recommends that the *in forma pauperis* application, (ECF No. 1), be granted, and the writ, (ECF No. 1-1), be dismissed, without prejudice.

## I.   *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1]   This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Sjoberg is unable to pay the filing fee. Accordingly, the Court recommends that the IFP application, (ECF No. 1), be granted.

## II.    SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that the court shall dismiss the case at any time if the court determines that the complaint or portion of the complaint: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III.     SCREENING OF COMPLAINT

In lieu of filing a complaint, Sjoberg has filed a writ of mandamus for a Freedom of Information Act ("FOIA") request from Defendant Social Security Administration ("SSA"). (ECF No. 1-1.) Sjoberg requests that the Court compel employees of the SSA to produce "all records pertaining to social security benefits/payments" from 2003 to 2015. (*Id.* at 2.)

The Mandamus and Venue Act of 1961 states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 Mandamus is only available when (1) a plaintiff's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) there is no other adequate remedy available. *Guerrero v. Clinton*, 157 F.3d 1190 (9th Cir. 1998); *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).

Sjoberg appears to be seeking his FOIA requests through a mandamus action. However, mandamus is an extraordinary remedy. *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983). Mandamus cannot be used to serve the purpose of an ordinary suit, and it is limited to only issues where the duty to be performed is ministerial and the obligation to act peremptory, and plainly defined. *United States ex rel. McLennan*

*v. Wilbur*, 283 U.S. 414, 420, 51 S.Ct. 502, 75 L.Ed. 1148 (1931). The availability of an adequate alternative remedy precludes mandamus jurisdiction concerning FOIA requests. *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986). Thus, mandamus to allow Sjoberg to obtain documents would permit him to circumvent the procedures established by FOIA to obtain documents. Thus, mandamus jurisdiction is lacking because Sjoberg can resort to FOIA to obtain the information he seeks. Accordingly, the Court recommends that this action be dismissed for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Sjoberg's IFP application, (ECF No. 1), be granted, and his writ, (ECF No. 1-1), be dismissed.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Sjoberg's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Sjoberg not be required to pay an initial installment fee. Nevertheless, the full filing fee should still be due, even if this action is dismissed or is otherwise unsuccessful, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of

security therefor. The order granting IFP status should not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED** that the Nevada Department of Corrections pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **THOMAS SJOBERG, #1159203** (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the writ, (ECF No. 1-1).

**IT IS FURTHER RECOMMENDED** that the writ, (ECF No. 1-1), be **DISMISSED, WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED,** and **JUDGMENT BE ENTERED** accordingly.

DATED: January 3, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**