UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS SJOBERG, <br><br>  Plaintiff, <br> v. <br> SOCIAL SECURITY ADMINISTRATION, <br><br>  Defendant. | Case No. 3:23-cv-00664-MMD-CLB <br><br> ORDER |

## I. SUMMARY

*Pro se* Plaintiff Thomas Sjoberg, who is an inmate in the custody of the Nevada Department of Corrections, brings this action against Defendant Social Security Administration ("SSA"). (ECF No. 25 ("FAC").) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 4), recommending the Court grant Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and dismiss Plaintiff's writ of mandamus (ECF No. 1-1). Plaintiff filed an objection to the R&R.[1] (ECF No. 5.) Because the Court agrees with Judge Baldwin's analysis, the Court will adopt the R&R. Accordingly, the Court will grant the IFP application and dismiss the writ.

## II. DISCUSSION

"[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only if*, one or both parties file objections to the findings and recommendations." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003). Because Plaintiff does not object to Judge Baldwin's recommendation to grant the IFP application, the Court finds that Judge Baldwin did not clearly err and adopts that

---

[1] Defendant did not file a response to the objection, and the deadline to do so has passed.

1  recommendation. Because Plaintiff objects to Judge Baldwin's recommendation to
2  dismiss the writ, the Court conducts a de novo review of that analysis.

3  Judge Baldwin recommends dismissing the writ because mandamus jurisdiction is
4  lacking here given that an adequate alternative remedy exists—that is, Plaintiff may avail
5  himself of the procedures established by FOIA to obtain the documents he seeks. (ECF
6  No. 4 at 3-4.) In his Objection, Plaintiff argues that he has no remedy because he has
7  mailed in eight FOIA requests for documents to SSA that have gone unanswered past the
8  20-day required response time. (ECF No. 5 at 2.) However, it is unclear to the Court
9  whether the SSA has even received Plaintiff's FOIA requests, and Plaintiff has not
10 indicated that he has attempted to contact the SSA via other means to resolve his FOIA
11 requests or attempted other such available common-sense remedies. The Court therefore
12 agrees with Judge Baldwin that Plaintiff is not entitled to the "extraordinary remedy" of
13 mandamus relief. *See Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986) ("Mandamus
14 relief is only available to compel an officer of the United States to perform a duty if (1) the
15 plaintiff's claim is clear and certain; (2) the duty of the officer 'is ministerial and so plainly
16 prescribed as to be free from doubt'; and (3) no other adequate remedy is available.").

17 **III.    CONCLUSION**

18 The Court notes that the parties made several arguments and cited to several cases
19 not discussed above. The Court has reviewed these arguments and cases and determines
20 that they do not warrant discussion as they do not affect the outcome of the issues before
21 the Court.

22 It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No.
23 4) is adopted.

24 It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF
25 No. 1) is granted.

26 It is further ordered that Plaintiff is not required to pay an initial installment fee.
27 Nevertheless, the full filing fee is still due, even if this action is dismissed or is otherwise
28 unsuccessful, under U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The

movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. The order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that the Nevada Department of Corrections pay to the Clerk of Court 20% of the preceding month's deposits to the account of Thomas Sjoberg, #1159203 (in months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.

The Clerk of Court is directed to file the writ of mandamus (ECF No. 1-1).

It is further ordered that the writ of mandamus (ECF No. 1-1) is dismissed without prejudice.

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 31st Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE